The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, ladies and gentlemen. First case this morning is David Murphy v. Wilkie, 19-2064, Tristan McTonaghan. Good morning, your honors. May it please the court. The CAVC erred when it held that the rules for determining the scope of an initial claim and request to reopen are not the same. The sympathetic reading requirement as established in Hodge and embodied in Zemre, Roberson and Clemens applies with equal force to request to reopen because it applies to all pro se veterans submissions. That liberal reading obligation extends beyond what's written on the claims form to include all the evidence of record. Counsel, in July 2014, the regional office declined to reopen a claim for service connections to schizophrenia and Murphy didn't appeal that. Isn't that the end of your case? No, your honor, I would respectfully disagree that it is not. That is because the regional office improperly interpreted Mr. Murphy's VA-9 as a new request to reopen his schizophrenia claim. But your honor, the 2012, the February, our position is that the February 2012 claim to both post-traumatic stress disorder and schizophrenia, put another way, your honor, the request for service connection for post-traumatic stress disorder, the scope of that request included service connection for schizophrenia, your honor. Well, shouldn't Mr. Murphy have appealed in 2014? Mr. Murphy didn't because, your honor, the February 2012 request to reopen the post-traumatic stress disorder claim, when looking at all of the evidence of record as required by 7104A, sympathetically, your honor, it was evident that Mr. Murphy was claiming also a request to reopen his schizophrenia. Therefore, he did not have to file a second NOD with the regional office's denial in July 2014 because he had already filed a jurisdictionally conferring NOD when he disagreed with the your honor. Mr. McTarnick, this is Judge Chen. What is it that you can point us to in the February 2012 request to reopen that, when read sympathetically and liberally, reasonably informs the VA that Mr. Murphy intended for the VA to reconsider, based on new material evidence, not only a PTSD claim, but also a schizophrenia claim? Can you point that out in the appendix? Well, your honor, it is true that the February 2012 request only lists post-traumatic stress disorder, your honor, but Mr. Murphy is a severely mentally disabled schizophrenic veteran who only has a diagnosis of schizophrenia, your honor. And so our position is that when Mr. Murphy, who doesn't know what disability afflicts him, filed that request to reopen claim in 2012, if you look at the medical evidence at that time, your honor, where he was only diagnosed with schizophrenia, you look to his notice of disagreement, where he talks about both conditions, and then very clearly in his VA-9 states that he wants 100% service connection for what became of his life due to his schizophrenia and his post-traumatic stress disorder, your honor. I would agree with you, Mr. McTarnaghan, that when it comes to the NOD and the VA Appeal Form 9, it's more than reasonably clear to everyone that Mr. Murphy is also very interested in reopening and having consideration for a schizophrenia claim. I'm just trying to understand what's the way to get there in looking at the 2012 submission, especially in the context of all the other prior requests to reopen, where multiple times there were requests to reopen both a PTSD claim and a schizophrenia claim, or maybe just one or the other of those two PTSD and schizophrenia claims. And then in this particular instance, coming around in February 2012, we see Mr. Murphy referencing PTSD alone. Yes, your honor. Well, I think the line of cases, Roberson and Comer are instructive on this issue, your honor. Roberson applies equally to construing the scope of a notice of disagreement. And I know that that case dealt with 2202. And here we're dealing with the scope of a claim and not the scope of an NOD. But the fact remains the same, that in those line of cases, the VA was required to not just look at that one single piece of paper as the CABC did here. What the VA was required to look at is all of the evidence of record. And in certain cases, as in Roberson, some of that came in through the medical evidence showing unemployability. And so we would suggest that taking a step back, looking at what was requested and understanding that severely mentally disabled veterans don't necessarily understand what their psychological affliction is and don't have a duty under VA law to understand that. Looking at all of those... Mr. McTonaghan, I read the Veterans Court. It said a lot of things, but it appeared to also issue an alternative holding. And the alternative holding was even if the Veterans Court considered the February 2012 submission liberally and sympathetically, it agreed with the VA that that 2012 submission was devoted to only a PTSD request to reopen and not a schizophrenia-based request to reopen. Is that alternative holding, is that something that we can review that's within our jurisdiction or is that something that's more akin to a question of fact or a mere application of law to fact? Well, Your Honor, we believe that it's evident from that particular line in the Veterans Court's decision, in the CABC's decision, that it was only looking to that single piece of paper. And so we believe that that bolsters our argument that the CABC used the wrong rule, which is a question of law that this court would have jurisdiction to resolve. I'm sorry, I'm a little lost. Are you disputing that the Veterans Court made an alternative holding? No, Your Honor, we're not disputing that. Okay, so just focusing on that alternative holding, what I'm asking you is, what is it about alternative holding that makes it something that you can challenge here at the Federal Circuit? Well, Your Honor, what's the pure legal error in that holding, I guess is what I'm wondering? The pure legal error in that holding, Your Honor, is that the Veterans Court limited the review of the scope of Mr. Murphy's claim to solely what was on that single piece of paper. And if this court holds that sympathetically reviewing the scope of a request to reopen requires a larger review consistent with 7104A in our pleadings, Your Honor, the Veterans Court would then have to look at all of the evidence again, using the correct rule, because that's what the Veterans Court failed to do the first time. Well, this is Judge Kleminger, Mr. Ingerham, your argument is directed to convincing us that there is a question of law involved in reviewing the alternative holding, as opposed to it being a matter of fact. And I disagree with your ruling, because the citations that Ingerham has stated there, in connection with the alternative holding, that part of Ingerham was supposed to proclaim it, those are factual questions. I'm sorry, Your Honor, I'm not sure if that's on my end or yours, but I had a lot of difficulty hearing your question. Okay. I'm saying that the, your, can you hear me now? Yes, Your Honor, thank you so much. I think you were saying, in response to Judge Chen, that we review the alternative holding as a matter of a legal question, as opposed to a fact question. And I was simply saying to you, I disagreed with you on that, because the discussion of the alternative holding, can you hear me? Yes, Your Honor. The discussion of the alternative holding in the CABC opinion, cites both Clemens and Ingerham, and Ingerham informs us as to what the nature of that alternative inquiry is about, namely the reasonable expectations of the claimant and the secretary, and those Your Honor, I'm just very quickly reviewing that part of the CABC's decision. Well, it's one step behind that, is Ingerham celebrated an important CABC decision that informs this whole topic? Absolutely, Your Honor, I'm looking at that sentence of the CABC's decision right now. I would say that the February 2012 request to reopen is still being examined under the incorrect rule of law, and that's because the... Mr. Ingerham, could I point you to something else? If you have the government's brief with you... Yes, Your Honor. If you would turn to page 17 of the government's brief... Yes, Your Honor. Six lines from the bottom, the sentence that begins, although... Yes, Your Honor. The government is saying that they agree, they are no longer arguing that you use a different test for examining a reopened claim. I read that sentence in the government's reply brief to say that they are hanging their hat, in this case, on the alternative argument, on the alternative holding party. Well, looking to that part of the government's brief, Your Honor, the government is arguing that although they do have a duty to sympathetically review pro se pleadings, it doesn't mean that Mr. Murphy's request to reopen necessarily encompasses other mental health conditions. That is incorrect as a matter of law, Your Honor. It does necessarily include other mental health conditions, and it includes that because of the underlying purpose of this entire veterans' law system, which is to sympathetically review pro se veterans' claims and submissions. And I hear that my time is up, Your Honors, if there are no further questions. We will save you rebuttal time. Three minutes, Mr. McDonagan. Ms. Rose? Thank you very much. Thank you, Your Honors. May it please the Court. The Veterans Court's decision should be affirmed. The initial claim here, or excuse me, the claim to reopen, cited a single word, PTSD, which even if read sympathetically, which as the Court has noted is a factual matter that's not reviewable, but even if read sympathetically, it did not encompass more than the PTSD claim. There are important considerations here of the rule of finality that are not present when the VA is considering a newly filed initial claim. There, in instances of initial claims, we agree that the rule in Clemens applies and that the VA should work to understand all of the conditions that could be related to a claimed condition. However, Mr. Murphy here has several final decisions on both his PTSD claim and his schizophrenia claim, and because of that, the rule of this Court in Boggs and the rule that Congress announced in 7104 A and B would apply to differentiate between the claims. In Boggs, this Court held that claims are not encompassed by the symptoms, but rather by the distinct diagnoses, and therefore, it was proper for the Board to find that it only had jurisdiction over the PTSD claim. In fact, had the Board considered the claim for schizophrenia with no development and no opportunity to submit evidence to the R.O. and no decision by the R.O. on that claim, we believe that would have been a reversible error by the Board, so it was proper for them to find that only the PTSD claim was before it. Does the Court have any questions for me? No, I don't. Ms. Rose, this is Judge Clevenger. You heard me cite the sentence on page 17 in your brief. I did. Do you have your brief there? I do. All right, so what they're saying is you're agreeing that the VA has the duty sympathetically to read the pleading regarding the attempt to reopen the previously denied claims, right? Yes, we do agree that there is a duty to read the attempt to reopen. That's a little inconsistent. The concession is a little inconsistent with the thrust of your briefs, but I'll take the concession as it stands. So it seems to me that you seem, reading that concession against the CADC decision, it appears to me that you are relying for affirmance on the alternative holding by the CADC. Is that correct? That is not correct, Your Honor. I think our position is, while there is a duty to sympathetically read the 2012 request to reopen, the scope of the 2012 request to reopen cannot be informed by submissions postdating the R.O.'s decision, which the only thing that Mr. Murphy's counsel is pointing to here to inform the scope of his 2012 claim is the Notice of Disagreement and the Form 9. So here, we think that 7-1-4-8- I understand what you're saying about evidence that postdates. I mean, that's what new and material evidence claims always are. You're finding something after the R.O. has made a decision and is asking to reopen the case to consider that newly found evidence. So here, the February 2012 request to reopen had a line for the veteran to describe the conditions that they were seeking to reopen, and a veteran can also submit additional evidence if they wish to do so at that point. He submitted a Form 9, did he not? Not until after the R.O. had issued its decision on the PTSD claim, and that's the disconnect here. I think Judge Lurie noted at the outset- Isn't that always when the Form 9 is filed? Yes, which is why it is our position that a Form 9 cannot inform the scope of what is before the R.O. when the R.O. is rendering its decision. As Judge Lurie noted at the beginning of the argument, when Mr. Murphy indicated in his Form 9 and Notice of Disagreement that he was also interested in pursuing his schizophrenia claim, the R.O. at that point properly took- This is a new argument, is it not, that Form 9 cannot inform the scope of what was in front of the R.O.? I didn't see that in your brief. That is not a new argument. Let me find a reference to that in the brief. Can you cite me in your brief where you made that argument? I believe that our response to that argument is made on pages 11, 12, and 13. Specifically, where- That's three pages. Can you be a little more specific? I don't see Form 9- Well, I believe, Your Honor, we referenced the N.O.D. specifically here in referencing decisions like from the- We know that, but the law is clear that the N.O.D. is required to be read through the eyes of the Form 9. That's rock-solid law. And as the Veterans Court has held, nothing in an N.O.D. could confirm jurisdiction upon the Board over a claim that was never presented to and adjudicated by the R.O. because there is no decision on such a- The question is whether it was presented and was overlooked. I think there is no dispute here that the only- When it comes to the claim to reopen in 2012, the first time that schizophrenia was mentioned was in the Notice of Disagreement and Form 9. And it is the government's position, relying on 7104 A and B, FOGS, and decisions from the Veterans Court, including Gerald, that nothing that postdates an R.O.'s decision, including a Notice of Disagreement and Form 9, can inform the scope of the claim that was before the R.O. prior to rendering its decision. Ms. Rhodes, this is Judge Chen. You're relying on C.A.V.C. cases, and we don't have a federal circuit case to that effect. Again, this has to be read in connection with FOGS. FOGS has- In FOGS, the court held that- FOGS didn't deal with Form 9 questions? It didn't deal with Form 9 questions, but it did deal with the scope of the claim. And the claim is not dependent on symptomology. It is dependent on diagnoses or distinct injuries. And we cannot hear- And FOGS applies where you have two diagnoses, correct? Where there are two distinct conditions. Here, although Mr. Murphy- I thought FOGS said two diagnoses. Diagnoses or injuries. And that is on page- give me one moment- 1337 of FOGS. That's an important distinction. If the court in FOGS was distinct in symptomology, which is here what Mr. Murphy is really trying to rely on, from diagnoses and injuries. And if Mr. Murphy's argument were to be accepted, it could have a detrimental effect on veterans like Mr. Murphy, because although it's what Mr. Murphy wants here, it would have the same effect as the court was concerned about in FOGS, potentially foreclosing through a single claim other diseases or injuries that have the same symptomology. I believe Judge Trent has a question. Oh, yes. Thanks, Judge Lori. I just wanted to clarify with Ms. Rose. Is it possible that there can be times where statements made in a NOD or an appeal form 9 help illuminate what really should have been a reasonable sympathetic reading of the initial filing, whether it's an initial claim or a request to reopen? Your Honor, I think that hypothetically that could be the case. However, I think then it would need to be made in the context of the pleading that's being reviewed. And here, the pleading being reviewed had a single word, PTSD. And so I think this is where the Veterans Court Alternative Holdings does come into play, that there's no basis for-to construe that entry as encompassing more than PTSD, particularly given the-Mr. Murphy's history of understanding his claims as two distinct claims. Another question I have relates to some examinations and examination evidence of Mr. Murphy back in 2007 and 2008. And my understanding is-one of Mr. Murphy's contentions is that that evidence was never really addressed and explored by the VA. Do you know what the status of that evidence is and to what extent has it, in fact, been specifically confronted by the VA in any subsequent ruling? I don't know. Your Honor, I'm looking here at the 2014 rating decision. And the 2004 rating decision does encompass earlier rating decisions in all evidence contained therein, including decisions from 2007, 2008, 2009, as well as medical treatment reports from 2014 and 2013. So from the VA's position, all of that evidence has been considered. If Mr. Murphy wanted to make arguments about whether that evidence was properly considered, it is subject now to final decisions. So his options for reopening would be new and material evidence or acute claims. And had he wanted to continue to pursue his claims for new and material evidence on the schizophrenia claim, the proper course was for him to file an appeal to the board of the 2014 claim. Ms. Rose, it's Judge Clevenger again. I have a question. It seems to me that in the circumstances, even if Mr. Murphy didn't prevail on this appeal, he still has the opportunity to file a new and relevant evidence claim, supplemental claim. Is he bound to file under the new system or can he file under the legacy system? Your Honor, I agree that he is able to file a new claim, a claim based on new and material evidence. I apologize. I have not looked into whether that would be under the new system or the legacy system. But in either event, his fundamental argument as I understand it is that there's new and material evidence to show that his schizophrenia claim should have been respected. And so what's at stake here is the, assume that he would file a new and material or new and relevant evidence claim and he succeeded, then we're basically talking about effective date differences, isn't it? Yes, I would agree with that, Your Honor. Okay. Ms. Rose, my last question is, what if in February 2012, Mr. Murphy said, I want reconsideration of my claims related to my mental health condition? Do you think really in that context, the only reasonable reading of that would be that he's seeking to reopen both his PTSD and his schizophrenia claims? I think that that, in that hypothetical affair reading would be that he wanted to reopen any prior claims, any prior claims relating to his mental health condition. So in that circumstance, I would agree that it would be reasonable to assume that he was trying to open both. Thank you, Ms. Rose. Mr. McTonaghan has three minutes for rebuttal if he needs it. Thank you, Your Honor. It is necessary for this court to order the CADC to read Mr. Murphy's submission sympathetically, and we respectfully request that it does. The alternative holding is merely couched as a factual finding, but at the end of the day, Your Honors, the CADC is not reading the submission sympathetically, and that's legal error. Mr. Murphy does not have to use exact words, and as the Secretary just noted, and Your Honor just asked, if Mr. Murphy had used the word psych four different letters instead of post-traumatic stress disorder, his claim would have encompassed both PTSD and schizophrenia. The rule of finality step forth in Boggs, Your Honor, that only looks retrospectively to determine the nature of a prior claim to see whether new and material evidence is required under 7104B and 5108. That's the second step, Your Honors. It does not inform VA about what the scope of the current claim is, which is the first step, and guided by the sympathetic reading requirement in Hodge and its progeny. The rule the CADC imposed, Your Honors, would be the sole exception to the requirement to sympathetically review a pro se veteran's pleading. And if there are no further questions, Your Honors. Thank you, Counsel. The case is submitted.